[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11231
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00237-CG-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARON HARON TINDLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 26, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Sharon Harmon Tindle appeals her 18-month sentence, imposed at the low

end of the guideline range after she pled guilty to bank fraud, in violation of 18

U.S.C. § 1344.  Relevant to this appeal, after pleading guilty without a plea agreement, Tindle submitted a signed financial statement to the probation officer who was preparing her presentence investigation report ("PSI"), but failed to provide the requested verifying financial documentation.  Tindle then failed to appear at two separate sentencing hearings, and the district court ordered her detained until the date of the third sentencing hearing.  Although the probation officer initially recommended that Tindle receive a three-level downward adjustment for acceptance of responsibility, the district court sua sponte determined at the sentencing hearing that it did not feel that the adjustment was appropriate and denied it over Tindle's objections.  The district court explained that an 18-month sentence, at the low end of Tindle's higher resulting guideline range, was appropriate, given the statutory purposes of sentencing.  On appeal, Tindle argues that: (1) her sentence is procedurally unreasonable because the district court should have granted her an acceptance-of-responsibility reduction; and (2) her sentence is substantively unreasonable and she should have received a 12-month sentence.  After thorough review, we affirm.

We review a district court's determination of acceptance of responsibility only for clear error, and its determination will not be set aside "unless the facts in the record clearly establish that a defendant has accepted personal responsibility." United States v. Amedeo, 370 F.3d 1305, 1320-21 (11th Cir. 2004) (quotation

2

omitted).  We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir.2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Under U.S.S.G. § 3E1.1(a), a two-level reduction is appropriate if the defendant clearly demonstrates acceptance of responsibility for her offense.  Although entering a guilty plea prior to trial and truthfully admitting to the conduct giving rise to the offense of conviction constitutes "significant evidence of acceptance of responsibility," such evidence may be outweighed by conduct that is inconsistent with such acceptance of responsibility.  Id., comment. (n.3).  A defendant who enters a guilty plea is not entitled to the adjustment "as a matter of right."  Id.  The sentencing judge's determination regarding the adjustment is entitled to "great deference."  Id., comment. (n.5).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515

3

F.3d at 1190 (quoting Gall, 552 U.S. at 51).  Applying "deferential" review, we must determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir.2005).[1]  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir.2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside the range of reasonable sentences.   United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).

The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that

---

[1]    Section 3553(a) lays out the following factors for the district court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

sentence to be reasonable.  Talley, 431 F.3d at 788.  A district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Instead, its acknowledgment that it has considered them is sufficient.  Talley, 431 F.3d at 786.

Here, Tindle has not shown that the sentence was procedurally unreasonable.  As the record shows, Tindle's post-plea conduct was so inconsistent with her guilty plea that the later conduct outweighed her willingness to plead guilty -- specifically, Tindle failed to attend two separate sentencing hearings, to communicate with the probation officer, or to provide the required financial documents to the probation officer.  In light of this record and the "great deference" owed to the sentencing court's determination, we cannot say that the district court clearly erred by denying the acceptance-of-responsibility adjustment.  Further, because this is the only procedural reasonableness argument that Tindle argues on appeal, she has not shown that her sentence was procedurally reasonable.

Nor has she shown that her sentence was substantively reasonable.  First, her sentence was within the guideline range, which means that we'd ordinarily expect the sentence to be reasonable.  Moreover, as the record shows, the district court indicated that it had considered the statutory factors in arriving at the 18-month sentence.  For instance, the district court clearly considered Tindle's personal

5

characteristics in arriving at the sentence when it emphasized her unwillingness to cooperate, and it also referenced the nature and circumstances of the offense when it discussed the fact that Tindle had stolen public monies via her employment.  See 18 U.S.C. § 3553(a).  Despite Tindle's argument that the sentence is excessive, without more, we cannot say that the sentence was substantively unreasonable.

**AFFIRMED.**